Our last case today is People v. Aguirre, 412-1044. For the appellant is Scott Cording, you are he, sir. And for the appellee is Linda Susan McLean. Mr. Cording, you may proceed. May it please the court. Counsel. Defendant Luis Aguirre, consistent with the suggestion of this state's highest court, repeatedly invoked his statutory right to a speedy trial under the Illinois Speedy Trial Act in this cause. And after repeated denials of that he, through a stipulated bench trial, was adjudicated guilty. This appeal essentially turns on a narrow issue regarding a single set of time. Essentially we're addressing the legal correctness of the trial judge's decision to deem told the statutory speedy trial rights of defendant Aguirre from the period of April 6, 2012 to May 8, 2012. And I believe the state acknowledges that that's really the operative issue here. And this is really, if there were a case in which this court could underscore the importance of the statutory speedy trial right, it is this one. Getting right into the operative issue, on April 6, 2012, the defendant at a status hearing in this case attempted to re-invoke or resume the statutory speedy trial. Pausing right there, I've been involved in criminal law procedure for a long time. I'm not familiar with McLean County's procedure. What's a status hearing in McLean County? It would be akin to a pre-trial conference, if that's responsive. Well, how was it set? How often are status hearings set? It was set from a February 27 hearing before the Chief Judge, who was substituting for Judge Freitag. And it was continued on the defendant's motion to a date certain, April 6 at 9 a.m. Well, I think so. So, back in February, it was continued, and did the order say when it was continued for a status hearing? I believe it was set for a status hearing. Set for a status hearing on April 6, from February 27. He was in custody at that time. He was in custody continuously from the date of his arrest on or about January 2 of that year. So, on April 6, had discovery been furnished by both sides? I believe the answer is no. I believe the answer is that the state had tendered some, and there continued to be some, over a period of time, before and after that date. So, on a status hearing... So, the child wasn't going to be born until May. So, all discovery couldn't have been furnished. I mean, that was discovery the state was interested in. Right? Yes, sir. So, discovery couldn't have been complete if the courted victim was going to give birth to a child. I mean, have I got that right? I mean, that's how I read it. I think you're right, Your Honor. Assuming that the court considers leaving discovery open until whenever the state feels it's concluded, and I think the issue here is... Well, I thought the state moved to continue on that date. The state did move to continue on April 6, orally. Yes, sir. Well, but on April 6, it comes up for status, and the defendant is present, and you're present, and the state's attorney is present, and what do you say? Well, the hearing begins after appearances are stated by the court, and the defense announces ready for trial, which was later construed by the court as a valid speedy trial demand. Now, what's interesting, it seems to me, is ready for trial is a strange thing to be saying because it wasn't set for trial that day, was it? It was not set for trial that day. Okay. So, by ready for trial, Judge Freitag says he understood you to be, since there was no trial set for April 6, to be available for his next trial date. That's my understanding of... What he said. Yes, sir. Why isn't he correct in so concluding? I think he is correct in concluding. I think the trial court's error is in finding that the May 8th jury calendar was, in fact, the next available date because it is the tolling of the defendant's stat speedy trial clock from April 6 to May 8 that really is the whole thrust of the issue here. Well, when should he have... He says that from April 6 to May 8, when he set it for May 8, that was his next available trial because he had other trials set. Wasn't he correct? He did say that he had other trials... Well, not at that time, Your Honor, and I'm happy to answer. It wasn't really until July that that statement was made. And I think it's the sequence of what happened on April 6 that really is the thrust of the defense's position here. When the hearing opens, we make statements that, obviously, in retrospect, I wish I had worded it differently, but fortunately, the trial judge interpreted what I meant correctly by showing a valid demand. He had to have interpreted that as a speedy trial demand because, of course, even though we disagree about when the speedy trial clock started again, it did start again. So we demand a speedy trial. The next thing that happens is the state moves to continue, and the judge then proposes a specific delay. He says, well, what about June? We'll set it in June, and then he turns to the defense counsel and says, what's your position? And the defense counsel objects to any delays, any continuances. And it is really at that point the defendant had validly and properly fully invoked his speedy trial rights and really did all that was required of him. So what did the judge say in response to the invocation of speedy trial rights? That's when it was set for May 12? No, sir. It was set for July. It was set for June. I believe it was June 14 was the final pretrial. My objection was, and the judge did that, showing it over the defense objection. I thought the court said it would show you demand for trial on the next available calendar, which would be May 8. It did, but the timing is the key because that was well after the delay had already been proposed and objection had been made by the defense. At that point, there was nothing else that the defendant had to say. And I appreciate the opportunity to review that sequence. It's a demand for jury trial. State moves to continue. Judge proposes delay, specifically to June. Defendant objects. And it is later in the hearing that Judge Freitag makes what I characterize as a calendaring error. He incorrectly states what he found the next available court date to be. And as we urged in the trial court, and maybe I didn't use the right language, but at that point, the law doesn't require the defendant to correct the trial judge because he had already done the two-part process. Well, I'm not sure I understand. The judge believed May 8 would be his next available trial date from the hearing that was then taking place on April 6. Is that right? He said that later in the hearing, after the proper invocation. Well, I'll just pause here. You emphasized that, so let me pause and ask. Let's assume the state never said a word about any of that. How does that change things? The state doesn't move to continue. The state doesn't move, and the judge says, well, May 8 is my next available date. Does that change things? Yes. And then the state says, we wouldn't be ready on May 8 because that's really close to the time the child's going to be born. We think it'll be mid-May. So, really, June is what's best. I think they're separate questions. I think the answer is, it does depend on the sequence. Because the Cordell opinion from the Supreme Court tells us the two things the defendant has to do. If the state had never said a word, we say we're ready, and the judge says, well, then May 8 is my next available trial date. I'm going to hold everything until then. Then, I would still have had an obligation because the delay has been proposed before I've objected to the delay. But that is not what happened here. What happened here was the delay was proposed first, and then there's an objection. That's it. That's all that is required of the defendant. If the trial judge later says, well, I believe the next leap year is going to be February 29th, whenever that comes around, is the next available trial date, it is not incumbent at that time. Well, it seems to me, counsel, that if this is a status date, whatever that's supposed to mean, and you announce ready for trial, no one would expect that the court hadn't set this case for trial on April 6. So, without any further clarification by you, it seems to me it's an entirely reasonable inference for the court to say, the defendant is looking for trial at our next available date, not next year, but our next available date within the normal setting. Going from April 6 to May 8, it sounds to me entirely reasonable if he's got stuff already set. Why isn't that reasonable? Because he knew, the record shows that he knew at that time that he could have set it down for trial on April 9th. I thought he had other cases set. Yes, sir, but, Your Honor, that's true. He said that later. He said that down in July. Now, you keep emphasizing that he said it later. Does that mean we can't and shouldn't believe what he said about what he was doing when he did it back on April 6th? No, sir. Then why does it matter when he said it? Because the tolling decision that Judge Freitag made, completely innocently, I'm sure, but the tolling decision, the ruling to toll it, came secretly. Not in a malicious way. Secretly. He never said in the April 6 hearing that the statutory speedy trial rights would be tolled. Had he done that, we would have certainly been crying foul. He never said that, and this Court's review of that transcript will show that. Let me go back. He knew he had cases set ahead of yours that week. Did he make that clear at some point? I believe he had cases set. Okay, well, they had to be set ahead of yours since yours wasn't set for trial and he had no request for trial until you announced on April 6th. I would agree, Your Honor, that it was scheduled in order. Okay, so it's a status hearing, you say, we want to trial. So he looks at his schedule and he says, well, I have three other cases set this week. My next available trial time for your case would be May 8th. Except, Your Honor, they're not trying to go in circles. He didn't say that then. He said that two months later, and I recognize that may have been in his mind, but the issue is the trial judge put on us the obligation to have pointed out his error. He didn't say that. Well, if this is a status date and he says May 8th is the date we're going to try this case, why isn't it given current discussions by the Supreme Court about what you have to say? You say, no, Judge, just to be clear, we're demanding trial now. We want, you know, forget about discovery stuff. We want a rec 12 today, Judge. Make it real clear that any continuance to any date isn't with our agreement or because the trial court, it wasn't set for trial or because the trial court, you don't want the trial court pulling the speedy trial statute on any basis that could possibly be attributed to you. He didn't say that. You show up on a status date and say we want to try. So the question is, and given that the Supreme Court says these are determinations to be made by the trial courts and analysis of everything before it, in order to agree with you and to reverse the trial court here, don't we have to agree that the court abused its discretion after the fact in determining what had happened here, in determining that you had agreed to the next trial date and not had insisted on an immediate trial date because you never insisted on an immediate trial date? Wouldn't we have to conclude that no reasonable person in the position of the trial judge, viewing this as he did, could reach that conclusion? No. But if you disagreed with me, I believe we still win. Why is that? Because, well, the first part of that would be I'm not entirely sure, and I've read a lot of the cases on this, I'm not entirely sure that an abuse of discretion standard is the right one here because really there aren't really any facts in dispute, and I'm not sure that there are any facts that were found that this court would need to give deference to. Well, one fact is that the trial court made a determination you were agreeing to the May 8th setting. They told that the statute was going to be told until then that you were just asking for the next available date, not an immediate date, not try the case today, let's rack 12, judge. That's a determination the court made, is it not? I do not believe that finding wasn't made, judge. I think that's an inference that, I'm not saying it's not an unreasonable inference for this court to draw, but since this statute is to be construed liberally here, I think that the tie goes to the defendant, and here the defendant was constantly trying to invoke. Let's assume the trial court explicitly said that. What would be the matter with its doing so on this record? Explicitly said, well, I was there. It was my hearing. I heard and saw what everybody said. This was a status statement. It wasn't set for trial. The defendant showed up and through counsel said, we want a trial, and I set it over for my next date, which I knew for my schedule was going to be May 8th, and it was never pointed out to me that he wanted a date now or this week, and given that it was a status state, I thought this would be the normal and reasonable way to handle the scheduling, and therefore this was an agreement by the defendant to set the case for May 8th. Let's assume he had articulated all of that. Why would he be wrong to do so on this record? Well, because May 8th wasn't the next available trial date by the admissions that the trial court later made and by the trial court's own calendar, that there happened to be three trials that does not make that setting unavailable. The fact that multiple trials are already set in a given week. It was a twofold basis, though. One, he had other cases set, and two, he did not understand from the defendant that your position was RAC-12 today, Judge. Well, as to the second part, Your Honor, the law doesn't require that. I mean, imagine a pro se and unsophisticated pro se defendant. The law doesn't require the defendant to come in and say with that level of particularity, well, I want to make sure it's April 9th. It's the trial judge's and the state's obligation to get it right, and to answer your question on both of those prongs. Had the judge said that, the reason he couldn't do that on the record is because it's inconsistent with what the record says. There was, in fact, the possibility of taking the defendant to trial on April 9th, and it's not. Did he know that on April 6th? He says on July 12th that he did, and again, as Your Honor suggested, I would take him at his word. He said that in the July 12th hearing. Was it the July 12th hearing? I'm pretty sure it was. What's your best case for a trial court halfway or two-thirds through the speedy trial time frame? Having a defendant say, we're ready for trial. We know we can't have a trial today, but we want a trial Monday. We know you've got a jury panel. And the judge says, that panel is full with other priority cases. My next available date is May 8th. The management of the court's account, and the understanding, because if it occurs during that time period, there's no speedy trial problem. Nobody's going down the pipe thinking, understanding at that point, the case isn't going to come up until July or later. So at that point, if he says that, is it an abusive discretion for a trial court to set a case over from April to May for a defendant who's in custody, whose time was running up to that point, and the defendant says, that date's okay. Or, if that's the first date you can give us, then that's when we're going to have trial. Now, an appellate court looking back at that record, what would it say? On those facts alone, forgetting about the state moving to continue, whatever, is that delay, reasonable delay, that doesn't infringe on anybody's rights? Yes, if the defendant validly demanded a speedy trial, and then when the delay was proposed, as in this case, objective. And the best case for that is Cordele. But the objection is to the June. The objection isn't to May. But the trial judge had already made clear he was going to grant the continuance. The motion to continue had been allowed. Counsel, all you had to say was, Judge, we don't agree to that. We don't agree to a May continuance. We're on a trial now. And all this would be gone. I agree. The trial judge also was in a good position to have fixed this. But the issue that I tried to get the trial judge to understand is the law's requirements. And the law doesn't require that an in-circuit... No, I think the law requires clarity. I think the law, if the circumstances are such that a trial court can reasonably infer your agreement to his next available trial date, you have to make the step up and say, you may be thinking that, Judge, but that's not our position. Our position is we don't agree to having this case set in May. We want it set now. We're on a trial today, tomorrow, this week. But, Your Honor, it had already been continued. No, no. You know, I was a trial judge for 12 and a half years, Counsel. I was a trial lawyer for 20 years. It can easily be said, under the circumstances you described, I don't accept the idea that the state's involvement was critical here in any sense. It can easily be said, a short sentence, Judge, that date isn't agreeable to us. We are not agreeing to continuing this case. We want a trial not in May. We want a trial now. I see my time has expired. No, go ahead. Respond, please. And had the trial judge said, and I'm tolling the defendant's speedy trial clock, which he did not say that day. He wrote it privately so no one knew about it until I put it on the record on June 14th that I'd seen it, then it's our fault. But he never said that. But this is an inference which is entirely reasonable and feasible, and I think the Supreme Court in its recent cases dealing with speedy trial statute has made clear the defendant must step up and make his position known and clear. So then, you're right. It would have been better if the trial judge had said, Mr. Corning, I'm going to continue this until my next available date in May, and I'm going to show that this is a tolling of the statute because that's my next available date, and do you have any objection to that? I'll give you a chance to say, yes, I object. In which case, I remember being a trial judge. I'd say, you know, tomorrow won't be too soon. Let's go and see what the state has to say then. But the point is the court, I don't know that it was required to say it when it was inferential, and you didn't have to wait for the court because if this was a sufficiently important matter, say it. Would the court allow one sentence response? Please, go ahead. But it can't be any clearer than we object to any continuances. Well, is that what you said, we object to any continuances? Did you say we object to the May date? He hadn't said the May date at that time. When he said the May date. No, I did not. He said, I'm going to continue it over to May 8th. Because really those are the only dates at issue in this case, isn't it? Whether or not if the May 8th date tolls from April 6th to May 8th, if it tolls the statute, then you've got no case. Is that right? He didn't say, I set it over to May 8th. He said, I'm going to set it in the June calendar over the defendant's objection. And then what happened? Then they said, the hearing ended with May 8th. Did it not? I believe it did not, sir. It did not? I thought there was a... The hearing, the next hearing after April 6th was June 14th over the defendant's objection. The words, May 8th. Didn't the April 6th hearing end with the reference to May 8th as a trial date? No. The judge making reference to May 8th. Wasn't that ever orally mentioned? Yes, sir. But it was right in the middle. The sequence is so important, I don't want to... Okay, go ahead. Go ahead. As Cordell requires, I'll be very clear. Speedy trial is demanded, and in words that the trial judge interpreted as a speedy trial demand. State requests a continuance. Trial judge says, I'm looking at June. Mr. Cording, what do you think? I object to any continuances. He says, well, I'm going to set it. I'm going to show that the request of the defendant for the next available date, I'm going to continue it on the state's motion over defense objection to June 14th, and then we set the June date. So he did say May 8th in there after he had already objected to any... And then he said, my next available date... I don't mean, I'm not quoting the record. My next available date would have been May 8th. Would have been May 8th. Not at the end of the hearing. He does say that after I've already objected to any delays. Okay. We'll give you a chance to speak again, Roberto. Okay. Ms. McClain. May it please the Court? Counsel. We are arguing that the defendant was not denied his statutory right to a speedy trial. The parties are disagreeing over an interpretation of record, and the trial court in this case agrees with the state. This issue came up below. Not only the docket entry for April 6th reflects that the speedy trial term was told from April 6th to May 8th, but also the Court talks about the April 6th hearing at the July 12th hearing. On the motion for discharge and finds that the term was told. We'd ask that this Court defer to the trial court's interpretation of what occurred on April 6th and the trial court's finding that the next available trial date was May 8th. In this case, at the status hearing on April 6th, at Friday, defense counsel announced ready for trial. The Court interpreted this as a demand for trial on the next available calendar, which would have been May 8th. As soon as the understanding that May was the next available date for trial came up, defense counsel should have objected and said, no, it's not, or that's not what's reflected on your calendar. The defendant did not object to this interpretation. Subsequently, the state asked for continuance since the baby was due the first week of May in order to take DNA from the baby. Defendant objected to this continuance. These are two separate things. Defendant did not object to the Court's interpretation of the next available calendar, but did object to the state's request for continuance from the May date to June. What's a status date? A status date is to see how the case is going and see if it can be scheduled for trial. The first status date in this case was February 8th. Defense counsel asked for continuance to February 27th. On February 27th, defense counsel asked for another status date beyond March 8th and it was set for April 6th. So on April 6th was the next status date and it would have been unreasonable for the Court to interpret his demand for a speedy trial to be something immediate or to be on April 9th, which was a Monday, without defense counsel saying something further. What day of the week was April 6th? It was a Friday. So it's your position that the Court's next available time was May what? May 8th. And that's what the Court... What did the Court say about the May 8th setting and when did it say it? I know that the discussion of a May trial came up in the context of the State's request for continuance because the baby was due at the same time that the May trial date was being talked about. So I'm not sure exactly when May 8th came up in the transcript, but I know that they were talking about a May trial in the context of the State's motion for continuance because that's when the baby was due and they couldn't take the DNA at the same time. But as soon as there was any indication in the record that May was being talked about as a trial date, defense counsel should have said, no, that's not the next available date. Did the Court indicate that that was its next available date? I believe it did. Is there some discussion about this being after-the-fact discussion at the July hearing? I wish I had photocopied the transcript, but I am recalling that the State was asking for continuance because May was the same time the baby was due, so that couldn't be the trial date. So I'm not sure if specifically May 8th was talked about to the end of the hearing or where it was, but as soon as they started talking about a May trial, defense counsel should have objected and said, that's not what I was talking about. That's not the next available trial date. I was meaning something sooner. When this matter was raised to Judge Freitag's attention, what did he say about it in denying the motion for discharge? He said that the term was told between April 6th and May 8th on the defense counsel's request for the next available trial date, and that his determination was the next available trial date was May 8th, and that trials had been set on April 9th, so even though defense counsel thought that perhaps the trial could have started on Monday, it could not have because of this scheduling. Did the trial court at the April 6th hearing talk about the May 12th setting? I thought that the May 8th date came up. Oh, May 8th, I misspoke, excuse me. The April 6th hearing didn't speak about the May 8th setting? I thought that May 8th came up sometime during that hearing, but as soon as they started talking about a May trial date, which was the reason for the continuance because the baby was due then, defense counsel should have said something, because he was the one who was wanting the next available trial date. Is my understanding correct that if the record shows the defense agreement to the May 8th date from the April 6th setting, that the statute would then be told so that there would be no issue about discharge? That would be enough time? Yes. And that's what the trial court concluded? That's what the trial court concluded. We'd ask this court to defer to the trial court's conclusion. The trial court was vested with judicial discretion in arranging his cases on the trial calendar and in determining their priority. It was the court's judicial discretion to determine the next available trial jury calendar, and this was not a calendaring error or misstatement. We'd ask the court to affirm the findings below. Okay. Thank you, counsel. Mr. Corning? I think I mentioned about the discretionary call to you, and it was a decision of this court 20 years ago. Accountability for the lay is within the discretion of the trial court in determining a question like this on does 103-5 apply. You seem to suggest that that may not be good law anymore. I'm not sure I understood why. I'm not saying it's not good law, but the trial judge made no such determination here. We are inferring that he did, but he did. When the court conducted its hearing on a discharge, the motion to discharge on the 120-day rule, the court came out with its findings at that point, did it not, as to what was going on? Its explanation saying the motion is denied, here's why? Yes. The court said, though, that it didn't remember whether an earlier trial was demanded and the burden would have been on the defendant, which is not what is required. The trial judge did not make a finding at all that the delay from April 6th to May 8th would have been attributable to the defense. In fact, I'm still standing here, I'm very familiar with this case, I don't have the slightest idea why it would have been attributable to us. We demanded a speedy trial, which had to be at valid demand because the clock started again, and the trial judge proposes a delay and the defendant objects. After the proposed delay, that's what Cordell requires. As I tried to explain to the trial judge, when he says, well, you have to prove to me that you demanded an April 9 trial date, there is no case, no statute, no rule that anyone has cited, including the trial judge, as to why that would be required of the defense. Again, if Mr. Aguirre is there by himself to suggest that the liberally construed speedy trial act requires him to say, now judge, you said May 8th, but I'm wondering, could we start next week? That is not required. And that is the thrust of it. The trial judge could have made other findings that would have made it harder for us. The trial judge did not. And I'm not trying to turn a phrase here, but when we were in front of the trial court, the judge's reasoning essentially says, I acknowledge you demanded a speedy trial and you objected to any delays after they were proposed, which under Cordell cleanses you of all of the delay attributable to you, but you should have demanded a faster speedy trial. That's not required. That's adding something to the speedy trial act that isn't there. There was no reason to say anything again. Could I have? Yes. Do I wish I would have? Yes. But it didn't matter because he'd already continued it past May 8th. He granted the continuance beyond his next available date over my objection. And so the law doesn't say that I have to come back to him and say, now judge, I realize I've already validly preserved, and he says in the record that the speedy trial term will be preserved at least for that delay through June according to, I think it's page 12 of the applicable record. He never said, now I'm tolling the clock until May 8th. And if you review the transcript, it doesn't say that anywhere. He says, erroneously, later May 8th. It didn't matter. He could have said May 8th, 2014. And here's the thrust of it. I think that as a policy issue, the legislature's statute makes sense. If under the Speedy Trial Act, as interpreted by Cordell, if a defendant comes forward and follows those requirements to preserve his speedy trial, to get the clock going again, and then later a trial judge can misstate a date, or a prosecutor could propose a date that's wrong, scheming or not, intentionally or not. And that somehow frustrates, or cancels in some way, the earlier complete invocation of speedy trial rights. And I respectfully submit the Speedy Trial Act, it's not going to be liberally construed, it's not going to protect any rights. If the defendant has previously caused delay, and then says at a status hearing, pre-trial hearing, where nobody knows what's going to happen other than you're going to discuss the case and see if it can be set for trial. And at that moment he says, we want our trial, we're ready today. And the judge says, well, we're not in a position now to set a trial, but we're ready to set one on May 8th. And that's well within the time. But you, by delaying until April 6th or 9th to make this request, have effectively prevented us from giving you a trial until May 8th. Is the time between the demand for trial and May 8th, is that attributable to the defendant? I'm out of time, may I respond? Go ahead, may I ask you? Yes, except they could have taken him to trial the following Monday, Well, except that then you're saying that the judge does not have the discretion to set the calendar, prioritize cases, manage the courtroom, manage the flow of the jury, whatever the cases are that are set on Monday. No, I don't think you need to inquire into how important those cases are, but neither does the judge need, I think, to justify and say, two of those are speedy trial cases. That's why they're going to trial next week. You don't get into that degree of detail. And the law doesn't have a response, sir? Yes. But you're exactly right, Your Honor, but the law doesn't require that of the defendant. That the court or the state may get into a box. I'm not saying they had to take him to trial on April 9th. What I'm saying is they could have, and it was regularly scheduled, and the trial judge knew that on that date. And for him to later say, well, I recognize you could have gone to trial, that's a good faith argument, but I still find May 8th was the next available date. And there's no stated reason. That's an abuse of discretion. It's an unsupported determination by the trial court that conflicts with the court's own calendar. And that's why, if abuse of discretion standard applies, it was. Okay, thank you, counsel. Thank you, Smeda and the advisers for being in recess until tomorrow morning.